CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RK
JUN 18 2009
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS WAYNE DUDLEY, ) | Civil Action No. 7:09-cv-00148 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DR. HEATWOLE, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Douglas Dudley, a Virginia inmate proceeding pro se, filed a civil rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Dudley names a jail physician, a sheriff, and the Virginia Department of Corrections ("VDOC") as the defendants. Dudley alleges that the defendants caused cruel and unusual punishment by providing inadequate medical care. This matter is before me for screening. After reviewing Dudley's submissions, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Dudley alleges the following facts. Dudley suffers from the following maladies: chronic head pain resulting from a car accident; blood pressure irregularities; degenerative bone diseases of disc, lumbar, and hip bones; an enlarged prostate; and rheumatoid arthritis. (Compl. 3.) Before he arrived at the Rockingham Regional Jail ("Jail") on December 11, 2008, a private doctor prescribed him Vicodin for pain relief and Diasin for his prostate problem. (Id. 3.)

Dr. Heatwole, the Jail's doctor, performed Dudley's rectal exam on February 9, 2009, and prescribed Flomax to improve Dudley's prostate condition, but Dudley asked for Diansin. (Additional Evidence (docket #8) 1; Compl. 3.) Dudley also told his private doctor to fax his medical records to Dr. Heatwole, which included his prescription history for Diasin. (Compl. 3.)

Dudley ingested the Flomax, his blood pressure dropped to 68/70, and the prison nurse requested Dudley be transferred to the Rockingham Memorial Hospital ("Hospital"). (Id. 4.) Dudley's blood pressure dropped because of the Flomax prescription. Dudley insisted on receiving Diasin, but the nurse believed Dudley had a blocked artery near his shoulder. (Id.) On April 6, 2009, Dudley experienced a seizure because Dr. Heatwole gave Dudley only 100 milligrams of Neurontin instead of the 300 milligrams Dudley received during the past sixteen years from his private doctors. (Id.)

Dr. Heatwole performed Dudley's second rectal exam on April 16, 2009, and prescribed five milligrams of Hytrin instead of Flomax or Diasin.[1] Dudley's blood pressure dropped to 86/70. Dr. Heatwole reduced the Hytrin prescription from five milligrams to one milligram without causing another drop in blood pressure. (Id.) However, the Hytrin medicine makes Dudley urinate more often during the night, which means that his prostate problem was getting worse. (Id. 2.) Dr. Heatwole also prescribed Tramedol, but Dudley still experienced headaches and hip and lower-back pain. (Id. 3.) Dr. Heatwole intended to perform Dudley's third rectal exam on May 26, 2009, but Dudley refused the exam. Dr. Heatwole refused to send Dudley to the Hospital for x-rays and medical tests because Dudley did not submit to the rectal exam. (Additional Evidence #2 (docket #16) 2.)

Dudley argues that receiving two rectal exams in two months and two different medications to treat his enlarged prostate that caused a blood-pressure drop that resulted in two trips to the Hospital constitutes cruel and unusual punishment, in violation of the Eighth

---

[1] Dudley also alleges in a different letter to the court that Dr. Heatwole proscribed Denyric after the second rectal exam to treat his enlarged prostate (Prisoner Mot. (docket #12) 7.)

2

Amendment of the United States Constitution. (Prisoner Mot. (docket #12) 8.) Dudley requests $300,000.00; payment of his Hospital bills; and immediate release or immediate, proper medical treatment.[2] (Prisoner Mot. 8-9.)

## II.

I am required to dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's grounds for relief "requires more than labels and conclusions. . . ." Id. Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon, 574 F.2d at 1151 (recognizing that district courts

---

[2]The court conditionally filed the complaint and advised Dudley that he failed to state a claim upon which relief may be granted. Dudley submitted a "motion to amend" in response, acknowledging that he could not maintain his action against the VDOC. However, Dudley does not identify what he intends to amend. See Fed. R. Civ. P. 15(a) (stating an analogous motion to amend is a matter of right).

3

are not expected to assume the role of advocate for the pro se plaintiff).

Dudley fails to state a claim against Dr. Heatwole upon which relief may be granted. To state an Eighth Amendment claim for ineffective medical assistance, Dudley must establish that Dr. Heatwole acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference occurs when a public official deliberately "'knows of and disregards' the risk posed by the serious medical needs of the inmate." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The prisoner must demonstrate that a defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990). However, claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Estelle, 429 U.S. at 104-05; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); see Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence, but not a claim under the Eighth Amendment). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

Dudley fails to establish that Dr. Heatwole was deliberately indifferent. Dudley does not allege that Dr. Heatwole knowingly or recklessly prescribed medications to cause cardiac distress. Although Dudley wants Dr. Heatwole to prescribe Diasin, is dissatisfied with Dr. Heatwole's prescribed treatments, and is dissatisfied with the frequency of rectal exams, these

4

complaints amount to a disagreement between medical staff and an inmate as to a course of treatment and diagnostic methods, which are not actionable under the Eighth Amendment. Dudley's allegations establish that Dr. Heatwole was actively monitoring Dudley's conditions by performing rectal exams and issuing different prescriptions to find a medicine that met Dudley's needs. Therefore, Dudley does not state a claim of deliberate indifference to a serious medical need, and I accordingly dismiss the complaint.

III.

For the foregoing reasons, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 18th day of June, 2009.

/s/ Jackson L. Kiser
Senior United States District Judge

5

Case 7:09-cv-00148-JLK-mfu    Document 19    Filed 06/18/09    Page 5 of 5    Pageid#: 106